Ken J. Pedersen (ISB #4094)
*Email: ip@pedersenco.com*
PEDERSEN AND COMPANY, PLLC
1410 N. 28th St.
Boise, ID 83703
Telephone: (208) 343-6355
Facsimile:  (208) 343-6341

*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OAKLEY, Inc., a Washington corporation | ) ) ) |
| Plaintiff, | ) ) ) CASE NO. _____ |
| v. | ) ) COMPLAINT AND DEMAND |
| GRANGEVILLE DEPOT LLC, an Idaho limited liability company, and CHAHAL, RAJAN, individually, | ) FOR JURY TRIAL ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

**Demand For Jury Trial**

Plaintiff Oakley, Inc. hereby sues Defendants Grangeville Depot LLC, an Idaho limited liability company, and Rajan Chahal, individually, hereinafter collectively referred to as the ("Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action to address Defendants' ongoing sale and offering for sale of unlicensed products bearing counterfeit reproductions of Oakley's registered trademarks (the "Counterfeit Product") through Defendant's multiple gas station retail stores. Oakley seeks to stop Defendants' counterfeiting and infringement of its registered trademarks, and to protect unknowing consumers from purchasing inferior quality, and potentially dangerous, Counterfeit Products. Oakley has been and continues to be irreparably harmed through consumer confusion of its valuable trademarks as a result of Defendants' ongoing infringing activities.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business, and continue to infringe Oakley's famous trademarks in this Judicial District.

## PARTIES

3. Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Foothill Ranch, California.

4. Defendant Grangeville Depot LLC is an Idaho limited liability company that owns and operates several gas stations in Grangeville under various trade names, including: (a) The Depot located at 105 Highway 95 N, Grangeville, ID 83530; (b) The Depot Express located at 614

Main St., Grangeville, ID 83530; and (c) Exxon located at 712 W. Main St., Grangeville, ID 83850.  As alleged herein, Grangeville Depot LLC is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

5. Defendant Rajan Chahal is a resident of Idaho County, Idaho.  Mr. Chahal is the principal owner, officer, manager and director of Grangeville Depot LLC and the moving force behind Grangeville Depot LLC's operations.

6. Defendant Chahal is contributing to and facilitating the promotion and sale of infringing products within this Judicial District.

## FACTUAL ALLEGATIONS

**A.  The World-Famous Oakley Brand and Products.**

7. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

8. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sunglasses retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Idaho.

9. Oakley has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint (collectively, the "Oakley Trademarks").

10. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public,

and the trade as being high quality products sourced from Oakley, and have acquired strong secondary meaning.

11.     Oakley is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Oakley Trademarks"), among others:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,521,599 | OAKLEY | For: class 9 sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
| 1,908,414 | *OAKLEY (stylized)* | For: class 16 printed material, namely decals and stickers. |
| 1,980,039 | *OAKLEY (stylized)* | For: classes 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories clothing, headwear and footwear, namely t-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, shorts, trousers, pants, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, swimwear, hats, visors, caps, gloves, belts, socks, sandals and shoes. |
| 1,356,297 | *OAKLEY (stylized)* | For: classes 9, 25 goggles, sunglasses, protective pads for elbows, feet and knees. clothing - namely t-shirts; gloves; racing pants; hats; sweatshirts; sport shirts, jackets, jeans, jerseys and ski pants, jackets, hats, gloves and socks. |
| 1,519,596 | *OAKLEY (stylized)* | For: class 9 sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
| 1,902,660 | *O / OAKLEY (logo)* | For: class 16 printed material, namely decals and stickers. |

| | | |
|---|---|---|
| 1,990,262 | | For: classes 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories clothing, headwear and footwear, namely t-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, hats, visors, caps |
| 3,151,994 | | For: class 9 protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 3,785,868 | | For: class 9 protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 2,209,416 | | For: classes 9, 25 protective and/or anti-glare eyewear, namely, goggles, and their parts and accessories, namely, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing, headwear and footwear, namely, t-shirts, hats, shorts, shirts, pants, jackets, sweatshirts, shoes, and pullovers |
| 1,927,106 | | For: class 16 printed material, namely decals and stickers |
| 1,984,501 | | For: classes 9, 25 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing and headwear, namely t-shirts, sweatshirts, jackets, hats, and caps |

| | | |
|---|---|---|
| 1,904,181 |  | For: class 9 protective and/or anti-glare eyewear, namely sunglasses, goggles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories |

12.     Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks.  These registrations are valid and subsisting and the majority of them are incontestable.

13.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

14.     The registration of the marks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

15.     The Oakley Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

16.     The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendants' Infringing Conduct**

17.     In September 2018, Oakley discovered that Grangeville Depot LLC was distributing, advertising, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia that are imitations of the Oakley Trademarks (hereinafter referred to as the "Counterfeit Products") through its various gas station retail stores in Grangeville, Idaho.

18.     On September 25, 2018, Oakley's investigator visited Defendant's gas station operating under the trade name The Depot located at 105 Highway 95 N, Grangeville, ID 83530.

During that visit, Oakley's investigator purchased one pair of sunglasses for a total of $9.99 bearing Oakley trademarks. Below are photographs depicting the sunglasses purchased from and displayed at, respectively, The Depot:





19. On September 25, 2018, Oakley's investigator visited Defendant's gas station operating under the trade name The Depot Express located at 614 Main St., Grangeville, ID 83530. During that visit, Oakley's investigator purchased one pair of sunglasses for a total of $9.99 bearing Oakley trademarks. Below are photographs depicting the sunglasses purchased from and displayed at, respectively, The Depot Express:





20. On September 25, 2018, Oakley's investigator visited Defendant's gas station operating under the trade name Exxon located at 712 Main St., Grangeville, ID 83850. Oakley's investigator purchased two pair of sunglasses for $9.99 each bearing Oakley trademarks. Below are photographs depicting the sunglasses purchased from, and displayed at, respectively, from Exxon:







21. Oakley subsequently inspected the purchased items and determined that the sunglasses bearing reproductions of Oakley's trademarks were in fact Counterfeit Products that infringed Oakley's trademarks.

22. Defendants have no license, authority, or other permission from Oakley to use any of the Oakley Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Products.

23. The forgoing acts of the Defendant Grangeville Depot LLC constitutes direct trademark infringement in violation of federal law.

24. The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Oakley products offered for sale and sold by Grangeville Depot LLC are authentic or authorized products of Oakley.

25. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Oakley products and Oakley.

26. Defendants are well aware of the extraordinary fame and strength of the Oakley brand, the Oakley Trademarks, and the incalculable goodwill associated therewith.

27. Defendant Rajan Chahal has materially contributed to and facilitated the above-described infringement of the Oakley trademarks by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Oakley items through Grangeville Depot LLC notwithstanding (i) Defendant's knowledge of the offering for sale and the sale of the infringing item, (ii) Defendant's constructive knowledge of the offering for sale and the sale of the infringing item or, alternatively, (iii) Defendant's willful blindness to the offering for sale and the sale of the infringing items.

28. Defendant Rajan Chahal had and continues to have the right and ability to supervise the infringing conduct of Grangeville Depot LLC and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning Grangeville Depot LLC's unlawful activities.

29. Defendant Rajan Chahal is directly and contributorily liable for these infringing activities.

30. Defendants' knowing and deliberate hijacking of Oakley's famous marks, and sale of their Counterfeit Products have caused, and continues to cause, substantial and irreparable harm to Oakley's goodwill and reputation. In addition, the damages caused by Defendants are especially severe because the Counterfeit Products were cheap, inexpensive and inferior in quality to those authentic to Oakley products.

31. The harm being caused to Oakley is irreparable and Oakley does not have an adequate remedy at law. Oakley therefore seeks the entry of an injunction preventing the sale of counterfeit Oakley products by Defendants. Oakley also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Oakley's trademarks.

## COUNT I
### Trademark Counterfeiting
### (15 U.S.C. § 1114)

32. Oakley repeats and re-alleges the allegations set forth in Paragraphs 1 through 31 above.

33. Defendant Grangeville Depot LLC without authorization from Oakley, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from Oakley's Trademarks.

34. The foregoing acts of Grangeville Depot LLC are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Oakley products offered for sale and sold by Grangeville Depot LLC are authentic or authorized products of Oakley.

35. Grangeville Depot LLC's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Oakley products and Oakley.

36. Grangeville Depot LLC has infringed Oakley's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant Rajan Chahal also infringed Oakley's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Oakley, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Grangeville Depot LLC and Rajan Chahal, jointly and severally, as follows:

   A.   Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

   B.   Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

   1.   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products, and engaging in any other activity constituting an infringement of any of Oakley's rights in the Trademarks; and,

   2.   engaging in any other activity constituting unfair competition with Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Oakley;

   C.   Requiring Defendants to file with this Court and serve on Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

   D.   Directing such other relief as the Court may deem appropriate to prevent

consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Oakley, or is related in any way with Oakley and/or its products;

E. Awarding Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F. Awarding Oakley its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G. Awarding Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H. Awarding Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Oakley requests a trial by jury in this matter.

Dated this 12th day of November, 2018.

Respectfully submitted,

/s/ Ken J. Pedersen

Ken J. Pedersen (ISB #4094)
Email: ip@pedersenco.com
PEDERSEN AND COMPANY, PLLC
1410 N. 28th St.
Boise, ID 83703
Telephone: (208) 343-6355
Facsimile: (208) 343-6341
Counsel for Plaintiff Oakley, Inc.